## DOUGHERTY *v.* EDWARDS.

The failure to entitle the declaration of the court, being only ground of special demurrer at common law, is not cause of demurrer now.

A declaration, though not drawn in accordance with the precedents, containing the necessary commencement, statement and breach, *held* sufficient.

*Appeal from Phillips Circuit Court.*

Hon. JAMES M. HANKS, Circuit Judge.

C. B. MOORE and JAMES C. DAVIS, for appellant.

The declaration, or statement, shows who is plaintiff as plainly as the forms laid down in *1 Chit., 262; 2 Chit., 12* and *13,* and in *5 Ark., 661.* . The ancient forms and terms of pleading are not necessary, so that the facts plainly appear in the pleading. *Gould's Dig., ch. 113, sec. 60; 3 Chit., 1409–1411* and *notes.* Though brief and concise, the statement of the cause of action is amply sufficient. *3 Chit., sup.;* see *Roach v. Scogin, 2 Ark., 128;* and *Cravens, et al.,.v. Mileham, 6 Ark., 215.*

CLENDENIN, J.

This was an action of debt on a promissory note. The declaration is as follows:

"STATE OF ARKANSAS, ⎱ ss.
    *County of Phillips.* ⎰

"John Dougherty demands of Charles A. Edwards money which he owes to and unjustly detains from him : For that on

the 16th day of October, 1866, the defendant made his promissory note, now here to the court shown, and thereby promised, seventy days after the date thereof, to pay to James C. Ward, or order, $520$\frac{10}{100}$, at the office of Gregory, Evans & Johnson, in Memphis, Tennessee; and the said Ward indorsed the said note, and delivered the said note, before any payment thereon, to the plaintiff, said indorsement being here to the court shown; whereby the defendant became liable to pay the said money to the plaintiff; yet he hath not paid thereof, to said plaintiff's damages $550, and thereupon he brings his suit."

To this declaration the defendant interposed a demurrer, assigning as special cause: 1st, said declaration is not entitled to the circuit court of Phillips county; 2d, said declaration charges that the defendant became liable to pay the said sum of money to the plaintiff, but does not show who is the plaintiff. The demurrer was sustained, and final judgment being rendered for the defendant, the plaintiff appealed.

The first cause assigned in the demurrer was only ground of special demurrer at common law, and nothing which was only cause of special demurrer at common law can now be specially assigned as cause of demurrer. *Stone v. Bennett, et al., 4 Ark., 73.*

We cannot see the force of the second cause assigned. The declaration, although not drawn in accordance with the established forms and precedents, yet contains the necessary commencement to show who is the plaintiff, the statement to show the contract, and the breach to show the non-payment, and, containing these essentials, was a sufficient declaration; and the circuit court, in sustaining a demurrer to it, therefore erred; and for that reason the judgment of that court is reversed.